Mr. Justice Scott delivered the opinion of the Court. This prosecution is based upon the first section of our statute of “ Fraudulent Pretences” (Dig-, p. '345, art. 8) which provides that “ Every person who, with intent to defraud or cheat another, shall designedly, by color of any false token or writing or by any other false pretence, obtain the 1 signature of any person to any written instrument or obtain from any person any money, personal property, right in action or other valuable thing or effects whatsoever” &c. It is not contended that the fraud complained of was by color of any false token or writing, but by a supposed false pretence included within the general clause “ any other false pretence.” This language is extremely broad and comprehensive and in a loose and general sence might extend to every misrdprentation, however absurd or irrational. It is not to be supposed, however, that the legislature intended to make every imaginable case of fraud an indictable offence, and accordingly the courts have not adopted the lexicographic definition of the word “ pre-tence” but have endeavored, as far as practicable, to give to it a legal and technical meaning. And so far as this had been done before the enactment of our statute, such will be presumed to have been at that time adopted, upon a common principle of construction that when a known statute has been re-enacted in terms, its known interpretation will be presumed to have been also adopted by the legislature. The adjudication of the case at bar, as will be presently seen, does not render it necessary or proper for us to go at large into the meaning of these general words, and to fix all the limits of their operation. And it is sufficient for our present duty to say that they are operative, and that we think it far safer to leave their limits to be fixed from time to time in each case as it may occur, than to attempt the difficult task of drawing a line of discrimination applicable to every possible contingency. The false pretence, charged in the case before us, is that the defendant below would assign to Benjamin Palmer a certain promissory note described, which he had, before that time, for a valuable consideration, passed to Palmer; and that by means of this false pretence he obtained the note with intent to cheat and defraud Palmer and then failed both to assign and return the note. This, as the authorities show, was clearly not a false pretence within the statute, because, to be such, it must have been of some existing fact and not a pretence that he would do an act which he did not mean to do ; as to pay for goods on delivery, or to ship cotton to refund an advance of money. Any representation or assurance in relation to a future transaction, may be a promise or covenant or warranty, but cannot amount to a statutory false pretence. This distinction between a false pretence and a false representation is well settled by numerous adjudications upon statutes, both English and American, . where the words “ false pre-tence” are used in their broadest signification. Douglass’ case, reported in 1 Mood C. C. 464, aptly illustrates the principle. There the indictment charged the prisoner with falsely pretending to the prosecutor, whose mare and gelding had strayed, that he, the prisoner, would tell him .where they were if he would give him a sovereign down, and that the prosecutor gave the sovereign, but the prisoner refused to tell. The indictment was held bad; but all the judges held that if the indictment had charged (as was proven in evidence) that the prisoner had pretended that he knew where the hors.es were, it would have been good. See also Roscoe’s Cr. Ev. 461. Arch. Cr. Pl. 293. Rex vs. Moses Goodhall, Russ. & Ry. C. C. 461. Com. vs. Drew, 19 Pick. R. 185. The People vs. Conger, 1 Wheeler C. C. 448. The People vs. Dalton, 2 ib. 178. The People vs. Stone, 9 Wend. 187. The only case, that has been supposed to conflict with this doctrine, is that of Young vs. The King (3 T. R. 98.) But this case, when examined, is clearly in harmony with all the other cases; because it will be seen that the false pretence of the prisoner was that a bet had been made on a race that was to be run. The contingency that was to decide the bet was future; but the making of the bet was past. The representation, that turned out to be false, was not that the race would be run, but that the bet had been made. The false pretence then in that case related to an event already completed and certain and not to one which was thereafter to happen, and consequently was uncertain. See the case of The People vs. Johnson, 12 John. R. 292 where Ch. J. Thompson cites this case of Young vs. The King, doubtless without having examined it closely, to establish the opposite of its true doctrine. Thus holding the la w as applicable to the case before us it is clear that the court below erred in refusing the motion to arrest the judgment; and for this error the judgment must be reversed and the cause remanded.